IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA
(Harrisonburg Division)

| | |
|---|---|
| STACY LAMB | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CA # 5:24-cv-00012 |
| | ) |
| UNITED OF OMAHA LIFE INSURANCE COMPANY | ) |
| | ) |
| **Defendant.** | ) |

# COMPLAINT FOR
# DISABILITY BENEFITS UNDER ERISA

## JURISDICTION AND VENUE

1. Plaintiff's claim against Defendant is filed pursuant to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et. seq.* (herein "ERISA").

2. Plaintiff seeks an Order that clarifies a plan beneficiary's rights to past and future benefits under the terms of an employee welfare plan. Specifically, the Plaintiff seeks: (a) a declaration and enforcement of rights under the long-term disability insurance policies at issue and/or the employee benefit plan (which is an "employee welfare benefit plan" as defined by ERISA), (b) an instatement of benefits, (c) the payment of all back benefits due with pre-judgment and post-judgment interest, (d) the enforcement of rights under the long-term disability insurance policy and/or the employee benefits plan, and (e) the clarification of rights to future benefits under the long-term disability insurance policy and/or the employee benefits plan pursuant to 29 U.S.C. § 1132(a)(1)(B) and (a)(3), and (f) an award of attorney's fees and costs.

3. Venue and jurisdiction are proper pursuant to 29 U.S.C. § 1132(f).

## PARTIES

4. Plaintiff is a former employee of Pepsi-Cola Bottling Company of Central Virginia ("Employer"). While employed there, and while covered by the Group Disability Plan for employees of The Employer, Plaintiff became disabled as that term is defined by The Plan.

5. The Pepsi-Cola Bottling Company of Central Virginia Long-Term Disability Insurance Plan ("The Plan") is an employee welfare benefit plan established under ERISA.

6. Pepsi-Cola Bottling Company of Central Virginia is the Plan Administrator of the Plan.

7. The Plan Administrator is responsible for the actions of each of its fiduciaries and "deemed fiduciaries."

8. United of Omaha Life Insurance Company ("United") was contracted by the Plan Administrator to act as a fiduciary under the Plan as Claim Administrator.

## THE EMPLOYEE WELFARE BENEFIT PLAN

9. At all times relevant Plaintiff was employed by the Employer and was a plan participant in the Plan established by The Employer under ERISA.

10. The Plan Administrator has delegated disability claims administration to the Claim Administrator.

11. The Employer and United are fiduciaries pursuant to 29 U.S.C. § 1133(2) and 29 C.F.R. § 2560.503-1(g) (1999) and/or "deemed fiduciaries" pursuant to 29 U.S.C. § 1002(21)(A) and 29 C.F.R. § 2560.503-1(g)(2) (1999).

12. The Claim Administrator is responsible for conducting any ERISA mandated claim evaluation and final review rests with United and with no other entity.

13. The Claim Administrator, upon information and belief, has made all decisions regarding Plaintiff's claim for disability benefits in this case.

14. United is fully responsible for the payment of all claims made under the Plan.

## HISTORY OF THE CLAIM

15. Plaintiff worked for the Employer until he became disabled.

16. At all times relevant the Plaintiff has met the Plan's definition of disability.

17. The Plan provides for lost income benefits.

18. Plaintiff timely gave notice of disability and applied for long-term disability benefits under the Plan.

19. In 2008, United found Plaintiff disabled under the terms of the policy.

20. For the next 15 years, United continued to find Plaintiff disabled and continued to pay his monthly long-term disability benefits.

21. On July 24, 2023, United issued an "Adverse Benefit Decision" on Plaintiff's claim for long-term disability benefits under the Plan.

22. Plaintiff filed an appeal of the adverse benefit decision on his long-term disability claim on January 18, 2024.

23. United had 45 days under ERISA's regulations to issue a determination on Plaintiff's appeal.

24. United's 45 days ended on March 3, 2024.

25. United did not identify any special circumstance outside of its control warranting the extension of its deadline.

26. United has surpassed its deadline to issue a determination on Plaintiff's appeal.

27. To date, United has not issued a determination on Plaintiff's appeal.

28. Due to the facts alleged supra, Plaintiff's claim is "deemed exhausted."

29. The Plaintiff has exhausted the administrative remedies of the Plan.

30. The Defendant has violated the plain language of the Plan; 29 U.S.C. § 1133 (Claims procedure); and 29 U.S.C. § 1104 (fiduciary duties).

31. The Plaintiff is entitled to long-term disability benefits under the Plan, including past-due benefits; future benefits; pre-judgment interest; post-judgment interest and attorney's fees pursuant to ERISA.

32. The Plaintiff is entitled to these benefits because the benefits are permitted under the policy issued by the Defendant; the Plaintiff has satisfied all conditions precedent to be eligible to receive the benefits and Plaintiff has not waived or otherwise relinquished the entitlement to the benefits.

## RELIEF SOUGHT

The Plaintiff requests that this Court enter an Order declaring the following:

1. No deference be granted to the decision of the Defendants to deny benefits.

2. That the Plaintiff is entitled to long-term disability benefits under the Plan.

3. That the Plaintiff is entitled to payment of past-due long-term disability benefits and reinstatement to monthly benefits under The Plan.

4. That the Plaintiff is entitled to payment of pre- and post-judgment interest.

5. That the Plaintiff is entitled to payment of attorney's fees and costs.

Respectfully submitted,

*Stacy Lamb*
By Counsel

                    /s/
_____

Damon R. Miller | VSB #98308
Benjamin W. Glass, III & Assoc., PC
3998 Fair Ridge Drive, #250
Fairfax, VA 22033
703-591-9829 phone
703-783-0686 fax
dmiller@BenGlassLaw.com
    *Counsel for Plaintiff*